THE STATE (CORNELIUS VAN WINKLE, Prosecutor,) *vs.* P. S. MASSAKER, COLLECTOR OF THE TOWNSHIP OF MANCHESTER, IN THE COUNTY OF PASSAIC.

1. Where the only objection to a tax is that the prosecutor has been assessed for a greater aggregate value of personal property than he had, and he has not made oath of the value of his property, or appealed, the *certiorari* will be dismissed.

2. Bonds secured by mortgages on land situate in a township wherein the mortgagee does not reside, are taxable to the mortgagee where he resides, if the land is in a city or place where, by a special law, it is taxed according to its value without regard to encumbrances, and where bonds and mortgages are not taxed at all.

3. A mortgagee residing in the township of Manchester, in the county of Passaic, is taxable for mortgages on land in the city of Paterson.

The prosecutor was taxed in the township of Manchester, county of Passaic, for an aggregate value of personal property amounting to $75,000. It appeared that he had been assessed for the same amount the previous year. He had not made oath of the value of his real and personal estate, nor appealed. It was agreed that he had some bonds secured by mortgages in other townships, but it was not stated, nor did it appear, what was the real amount of his personal property, or whether those bonds and mortgages were or were not included in the aggregate amount assessed. It appeared that the assessor put down a greater amount than the prosecutor gave in to him. It was also agreed that $59,311 of his personal property consisted of bonds, secured by mortgages on land within the city of Paterson.

The case was argued before Justices ELMER, POTTS, and VREDENBURGH.

*Gledhill*, for the prosecutor.

The assessor applied to the prosecutor, and he gave a statement of his property, which must be taken to be correct. The assessor did not assess the double tax. *Nix. Dig.*

794. The assessor had no evidence before him which justified him in setting down a greater amount. The aggregate amount was too great; the assessor did not deduct the mortgages on land in other townships.

But the principal objection is to the tax on the mortgages secured upon land in Paterson. The special law prevailing in that city does not justify any difference between these mortgages and those on lands in other places. This case is covered by the second proviso of the seventh section of the act of 1854. *Nix. Dig.* 802. *In such case,* means in a case where the mortgages are on lands situate in any township other than that in which the mortgagee resides.

*Barkalow,* for the township.

It does not appear what amount of personal property the prosecutor had, or that he was in fact taxed for too much. The assessor was not bound to take the owner's statement. See section 8, *Nix. Dig.* 802.

The bonds held by the prosecutor, secured by mortgages on land in the city of Paterson, were taxable to him in Manchester, where he resides, otherwise they would not be taxed at all. Bonds and mortgages are not taxed in Paterson, but the land is taxed for its actual value, without any deduction for encumbrances. The mortgagors cannot in that case claim the tax to be deducted from the interest due the mortgagee.

ELMER, J. The first objection to the tax assessed against the prosecutor was that he has been assessed more than the value of all his land and taxable personal property. It does not appear, however, that he appealed, or that he made an oath of the value of his property, as authorized by the tenth and eleventh sections of the supplement of 1854. (*Nix. Dig.* 803). If this was the only objection to his tax, I should be of opinion that the *certiorari* ought to be dismissed.

It was insisted, by the prosecutor's counsel, that inasmuch as, by the first and second sections of the act concerning taxes (*Nix. Dig.* 794), the prosecutor was bound to render a full and true account of his property under the penalty of double taxation, the assessor, unless he imposed the double tax, was bound to assess only such property as was contained in the account rendered, and that this court will presume that the account was correct, unless the contrary is shown. I cannot agree to this construction of the act. It was held, at the last February term of this court, that the assessor has now power to assess a double tax, the second section being virtually repealed. The eighth section of the supplement of 1854, prescribes that the assessor shall ascertain, by diligent inquiry and according to the best of his ability, all the taxable property in his township or ward, and set it down in his duplicate, according to the best information in his power. If he sets down too great a value, the person assessed has the means of correcting the error, by making the required oath before the assessor, or by his own oath or other proof before the commissioners of appeal. This court has power, by virtue of the second section of the act of 1852, (*Nix. Dig.* 804) to amend an assessment, if the value assessed is too great; but I do not think we ought to interfere under ordinary circumstances, unless the prosecutor has first done what was within his own power to have a correct assessment. In this case, it has not been shown that he has been assessed for more property than he really owns.

The case states, that the prosecutor held bonds secured by mortgages on land situate in other townships and counties, which were undoubtedly exempt from taxation; but it does not satisfactorily appear that he was taxed for these bonds, or if he was, that he was in the aggregate taxed too much.

The objection principally relied on was, that it appears the prosecutor was assessed for a large amount of money

due to him on bonds secured by mortgages upon lands in the city of Paterson. This money, it is insisted, was exempt from taxation, by virtue of the following provisos to the seventh section of the act of 1854, *Nix. Dig.* 802; "*provided,* that in all cases where the holder of a mortgage shall not reside in the same township or county where the mortgage premises lie, the tax on the money secured by the said mortgage shall be assessed against and be paid by the mortgagor in the township where the lands lie, and the receipt of the collector shall be a legal payment for so much of the interest of said mortgage, and be allowed and deducted therefrom by the mortgagee; *provided,* that in such case the said mortgagee shall not be assessed for such mortgage in the township or county in which he or she resides."

By an act, approved March 30, 1852, *Pamph. L.* 540, lands and real estate, moneys, goods and chattels, in the city of Paterson, together with all public stocks and stocks of incorporated companies, belonging to residents, are to be taxed at their actual value, and debts due upon bonds or mortgages, or otherwise, are not taxable. The supplement of 1854, it is agreed, does not repeal that act, and the question now is, whether the above quoted provisos apply to the prosecutor's mortgages upon lands in Paterson.

The first section of the supplement enacts, that all real and personal estate within this state shall be liable to taxation; but great solicitude is shown to prevent a double taxation. The eighth section provides, that from the valuation of all the taxable property owned by any person shall be deducted the whole amount of the debts due and owing by the owner thereof, excepting debts due and owing to creditors not residing in this state. Standing alone, this section would require all mortgage debts to be deducted. But construed, as it must be, in connection with the first proviso above quoted, it must be understood, that if a debt due and owing by the owner of real

estate is secured by a mortgage on such estate, held by a person residing in another township or county of this state, the amount of that debt is not to be deducted from the value of such real estate. A mortgage debt, so held, is to be taxed to the mortgagor ; and this will be the effect of omitting to deduct it from the value of the property mortgaged. The second proviso is, that "in such case" the mortgagee shall not be assessed for such mortgage in the township or county in which he resides.

What is meant by the phrase "in such case," as here used ? On the one side, it is insisted that it means in every case where the holder of the mortgage does not reside in the same township or county where the mortgaged premises lie, and then it applies to the prosecutor's case. On behalf of the township it is insisted, and I think correctly, that it means a case, not only where the holder of the mortgage does not reside in the same township or county where the mortgaged premises lie, but a case where the tax on the money secured by the mortgage has been or will be assessed against, and be paid by the mortgagor, so that the receipt for the same will be a legal payment for so much of the interest of said mortgage. The obvious design was to preserve to the township or ward in which mortgaged lands lie the taxes upon the full value of such lands, and at the same time prevent the mortgagors from being taxed beyond the net value of their property, by empowering them to deduct the tax on the mortgage debts from their interest, and to compensate the mortgagees by exempting their debts from any tax. In the case of mortgaged lands situate in a township or city where land is taxed at its full value without regard to debts, this object entirely fails. The moneys secured by the prosecutor's mortgages were not and could not be either actually or virtually assessed in the city of Paterson. The owner of encumbered property pays there the same tax as if it be unencumbered. It follows, therefore, that if the prosecutor's personal property, due upon

bonds and mortgages given in that city, is not assessed in the township where he resides, it will not be assessed anywhere, contrary to the plain words and intent of the statute. Nor is he in the least injured by such an assessment, because the mortgagors can make no claim against him to deduct any part of the taxes they have paid from his interest.

I am, therefore, of opinion that the taxes assessed against the prosecutor must be affirmed.

Justices POTTS and VREDENBURGH concurred.

REVERSED 2 *Dutch.* 564.